UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| YUSUFU TOURAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:05-0501 |
| ) | (Crim. No. 3:04cr0104) |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The movant, Yusufu Touray, proceeding *pro se*, is a prisoner in the Federal Correctional Institution in Oakdale, Louisiana. He brings this action to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The movant names the United States of America (hereinafter "the government") as the respondent.

On June 16, 2004, the Grand Jury returned a six-count indictment charging that Touray:

> knowingly executed and attempted to execute a scheme and artifice to defraud financial institutions and to obtain monies and funds owned by and under the custody and control of these financial institutions by means of false and fraudulent pretenses and representations . . . in violation of Title 18, United States Code, Sections 1344 and 2.

(3:04cr0104, DE # 11, pp. 2, 4)[1] On September 28, 2004, Touray filed a petition to enter a guilty plea. (3:04cr0104, DE # 26) The government agreed to move for the dismissal of counts two through six of the indictment in exchange for Touray's pleading guilty to one count of bank fraud.

---

[1] The movant's criminal case, *United States of America v. Yusufu Touray*, No. 3:04cr0104 (M.D. Tenn., Jan. 4, 2005)(Trauger, J.), is referred to using the following convention: (3:04cr0104, DE # "X"), where "X" is the docket entry to which reference is being made. The following convention is used to refer to the record in the instant proceedings: (DE # "X"), where, once again, "X" is the docket entry to which reference is being made.

(3:04cr0104, DE # 26, ¶ 9, p. 4 and Attach. DOJ ltr. dtd. Sep. 21, 2004)  Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the plea agreement was binding as to certain matters but did not mandate a specific sentence.  The parties anticipated a sentencing range of 24-30 months, and the government agreed to recommend a sentence at the low end of the range.  (3:04cr0104, DE # 26, ¶ 9, Attach. DOJ ltr. dtd. Sep. 21, 2004, ¶¶ 6, 8, pp. 4-5)

Touray did not file an appeal.  However, on June 16, 2005, the court received two letters from Touray seeking permission to file a delayed appeal.  (3:04cr0104, DE # 31-32)  The court denied Touray's request, finding that Touray had not "timely request[ed] his counsel to appeal his sentence."  (3:04cr00104, DE # 36)

Touray filed the instant motion to vacate, set aside, or correct his sentence on June 16, 2005.[2] (DE # 1), the same day that the letters were reviewed by the court.  The government filed its response on November 3, 2005.  (DE # 12)  On February 27, 2006, after obtaining an extension of time to file a "rebuttal" to the government's response, Touray filed a motion to withdraw his guilty plea and vacate the judgment of conviction.  (DE # 25)  Thereafter, on March 9, 2006, Touray filed a motion captioned, "MOTION FOR STAY PENDING DETERMINATION OF DIRECT APPEAL AND THE PRODUCTION OF THE FULL TRANSCRIPTS OF THE PLEA COLLOQUY AND SENTENCING HEARING PROCEEDINGS."  (DE # 26)

## II.  ANALYSIS

To prevail on a § 2255 motion, the record must reflect an error of constitutional magnitude that had a substantial injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993).  Pleadings filed by parties proceeding *pro se* are to be construed liberally by the courts.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

---

[2]  The envelope in which Touray mailed his § 2255 motion to the district court is postmarked June 16, 2005.  Under Rule 3(d) – Section 2255 Proceedings, this date constitutes the date on which Touray is deemed to have filed his motion.

2

Rule 4(b), Rules – Section 2255 Proceedings, provides that the court shall consider the "motion, any attached exhibits, and the record of prior proceedings" in ruling on a motion filed under § 2255. *See also* 28 U.S.C. § 2255. Moreover, "when the trial judge also hears the collateral proceedings . . . that judge may rely on h[er] recollections of the trial in ruling on the collateral attack." *Smith v. United* States, 348 F.3d 545, 551 (6th Cir. 2003)(citing *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir. 1996)(citing *Blackledge v. Allison,* 431 U.S. 63, 74 n. 4 (1977)).

An evidentiary hearing is not required if the record conclusively shows that the movant is not entitled to relief. 28 U.S.C. § 2255, Rule 8(a), Rules – Section 2255 Proceedings; *Blanton*, 94 F.3d at 235. More particularly, no hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)(quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

The court has reviewed all of the files, records, transcripts and correspondence underlying the movant's criminal conviction, as well as the pleadings, exhibits, and other legal documents filed in the instant action. For reasons explained below, the court finds it unnecessary to hold an evidentiary hearing, because these records establish conclusively that the movant is not entitled to relief on the grounds raised.

### A. Claims Set Forth in Touray's Motion to Vacate, Set Aside, or Correct His Sentence

Touray has raised five claims, all of which allege ineffective assistance of counsel. Two elements comprise a claim of constitutionally ineffective assistance of counsel: 1) the attorney's performance must have been deficient, falling below an objective standard of reasonableness; and 2) the attorney's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether an attorney performed in an objectively unreasonable

3

manner, courts employ "highly deferential" scrutiny. *Id*. at 689. To satisfy the prejudice requirement, an ineffective assistance claimant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

To establish ineffective assistance of counsel in a guilty plea context, the petitioner must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002). In the context of the instant action, Touray must show that there is a reasonable probability that, but for defense counsel's alleged deficient representation, Touray would have declined the twenty-four month negotiated sentence, choosing instead to proceed to trial where he would face six counts of bank fraud, each of which carried a possible maximum thirty-year sentence.

Claims 1 and 2

Touray alleges in his first claim that he was contacted by the Federal Bureau of Investigation (FBI) and "lured" under false pretenses to come to the FBI's offices in Nashville "for an interview concerning a financial transaction" with a local bank. (DE # 1, pp. 5-6) Touray alleges that he was "drilled for approximately eight hours," following which law enforcement officials conducted an "unlawful search and seizure" of his vehicle and home during which "instrumentalities of banking transactions were seized . . . ." (DE # 1, p. 5) Touray maintains that, had defense counsel conducted a careful investigation, defense counsel would have discovered that the evidence was obtained by unlawful means and, as such, it was inadmissible against him. (DE # 1, p. 6)

In his second claim, Touray asserts that he became "a prime suspect as a result of a traffic[] stop for an alleged violation of an unauthorized U-Turn . . . ." (DE # 1, pp. 7-10) According to

4

Touray, the "trooper . . . commenced . . . an unlawful search of the interior of [his] vehicle without probable cause to do so." (DE # 1, p. 7) Touray alleges that the search "revealed receipts of [an] incriminating nature, *i.e.*, Bank check receipts and mis[ce]llanous . . . papers." (DE # 1, p. 7) Touray contends that the seizure of this evidence caused the FBI to "file for an arrest warrant," following which law enforcement officials entered his home "by show of government authority overbearing the will of [the] movant . . . ." (DE # 1, p. 7) The movant further asserts that he "strenuously advised counsel that [his] briefcase was seized . . . in violation of [his] right[s] [under] the Fourth Amendment." (DE # 1, p. 8) According to Touray, "[c]ounsel did not investigate [his] concerns." (DE # 1, p. 8)

In its response, the government argues that the petitioner, "under oath, told the Court that his counsel had investigated everything Petitioner had asked him to . . . and that he was satisfied with counsel's representation . . . ." (DE # 12, p. 3) In support of its argument, the government has submitted the affidavit of attorney Roger A. Sindle, Touray's defense counsel. (DE # 13) Sindle attests as follows in response to these two allegations:

> I adamantly deny that I failed to investigate the allegations of the illegal stop of the defendant's vehicle leading to evidence used against the defendant. I would state I thoroughly investigated the procedures used by law enforcement in their interviewing the defendant both through the defendant and the F.B.I. Agent involved in the interview. Additionally the defendant, under oath told the Court I had investigated everything he had asked me to investigate and was satisfied with my representation of him.
>
> . . .
>
> I adamantly deny I was ineffective in my legal representation of this defendant. Additionally the defendant in his response to the Court indicated he was satisfied with my representation of him and he voluntarily chose, after being advised by the Court, to waive his Constitutional Rights and enter a plea.

(DE # 13, ¶ 3, pp. 1-2)

5

Touray was placed under oath at the plea hearing held on September 28, 2004. (3:04cr0104, DE # 37, p. 2)  The following colloquy relevant to these claims occurred during the hearing:

>THE COURT:  Have you told Mr. Sindle everything that you know about this case?
>
>THE DEFENDANT:  Yeah, I tell him.
>
>THE COURT:  Has he discussed with you what the government would have to prove for you to be found guilty of these charges?
>
>THE DEFENDANT:  Yeah, he tell me.
>
>THE COURT:  Has he discussed with you any possible defenses that you might have to these charges that would allow you to get off and not be convicted?
>
>THE DEFENDANT:  Yeah, he did.
>
>THE COURT:  All right.  ***Has he conducted all the investigation that you have asked him to conduct?***
>
>THE DEFENDANT:  ***Yeah.***
>
>THE COURT:  Are you satisfied with his representation of you so far?
>
>THE DEFENDANT:  Yeah, it's okay.  Yeah.
>
>THE COURT:  Are you satisfied?
>
>THE DEFENDANT:  Yeah.

(3:04cr0104, DE # 37, pp. 10-11)(emphasis added)

Absent extraordinary circumstances, Touray is bound by his sworn statements at the plea hearing and he may not now attempt to establish that defense counsel failed to investigate his case after having testified under oath at the plea hearing that he did.  *See e.g., Baker v. United States*, 781 F.2d 85, 90 (6th cir. 1986).  Moreover, this judge, who was the trial judge, recalls that Touray was very engaged in those proceedings.  The transcripts, which corroborate this judge's recollection,

6

show that when Touray did not understand something, he was not shy about saying so – and if he wanted to express his views, he did not hesitate to make them known. Thus, when the court asked Touray if his attorney had "conducted all the investigation that [he] ha[d] asked him to conduct," the court has no doubt that Touray understood the question, and that he answered truthfully.

Because Touray has not asserted any extraordinary circumstances in the context of these two claims, he is bound by his sworn testimony at the plea hearing. Because Touray testified under oath that defense counsel did all the investigation he was asked to do, Touray has failed to establish that defense counsel's representation was deficient. Accordingly, this claim is without merit.

Claim 3

In his third claim, Touray alleges that counsel intentionally misled him as to the maximum sentence that he could receive for the offenses charged. (DE # 1, pp. 10-12) More particularly, Touray asserts that:

> In the case at bar, counsel affirmatively advised movant that movant [was] ***facing a maximum of thirty years*** in prison if proceeding to trial.[3]

(DE # 1, p. 11)(brackets in the original)(emphasis added) Challenging the manner in which his maximum sentence was computed, Touray alleges that defense counsel "made no investigation . . . that could possibly require counsel to conclude that movant would face thirty years in prison for the offense charged." (DE # 1, p. 12) From this, the court liberally construes the motion to allege

---

[3] Touray also asserts "that the judge in the instant case advised counsel that movant ***would [get] thirty years in prison*** if movant proceeded to trial. In light of these revelations, movant was forced to believe that chances fair better to plead guilty than to run the gauntlet and face thirty years in prison." (DE # 1, p. 11)(emphasis added) This is a claim of ineffective assistance of counsel, not trial court error. However, even if the claim were liberally construed to allege trial court error, and even if Touray had not waived such a claim under the terms and conditions of his plea agreement, the record does not support this allegation. At the plea hearing, the court advised Touray that the maximum penalty for each of the offenses with which he was charged was 30 years – not that he would receive a thirty-year sentence if he went to trial. (3:04cr0104, DE # 37, p. 11)

7

that, because defense counsel failed to investigate the crimes on which Touray was charged, defense counsel mis-advised Touray as to the maximum sentence he faced if his case went to trial.

In its response, the government argues that defense counsel correctly advised Touray of the maximum sentence that he faced under the statute cited in the indictment. (DE # 12, pp. 2-3) In his affidavit, defense counsel asserts:

> I adamantly deny I told the defendant he would receive a thirty year term of imprisonment should he go to trial, but would state the defendant was advised he would face a maximum of thirty years in prison if proceeding to trial, based upon my review of the indictment and Public Statutes. His sentence was capped by his Plea Agreement.

(DE # 13, ¶ 3, p. 1)

Touray pled guilty to one of six counts of bank fraud under 18 U.S.C. § 1344. (3:04cr0104, DE # 11, p. 4; DE # 26, ¶¶ 5, 9, pp. 1, 4) Title 18 U.S.C. § 1344 provides the following as to each of the six counts, including the one count of bank fraud to which Touray pled guilty:

> Whoever knowingly executes, or attempts to execute a scheme or artifice –
>
>> (1) to defraud a financial institution; or
>>
>> (2) to obtain any of the moneys, funds, credits, assets securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

As shown above, the maximum term of imprisonment that Touray faced as to each of the six counts was, in fact, thirty years under § 1344.

In addition to the foregoing, the plea agreement signed by Touray stated that he "unders[tood] the statutory penalty for the offenses with which [he was] charged is MAXIMUM 30
8

YEARS imprisonment . . . ." (3:04cr0104, DE # 26, ¶ 5, p. 1) Moreover, as previously noted, *supra* at p. 7 n. 3, the court advised Touray that the maximum sentence was thirty years. Finally, the following colloquy relevant to this claim occurred at the plea hearing:

> THE COURT: All right. You are proposing to plead guilty under a plea agreement that is set out in a letter dated September 21st addressed to your lawyer. Have you read this entire letter or had it read to you?
>
> THE DEFENDANT: I can't understand what you're saying.
>
> THE COURT: All right. There is – this is your plea petition, okay?
>
> THE DEFENDANT: Uh-huh.
>
> THE COURT: And attached to it, or at least it should be attached to it, is this letter that the prosecutor has written to your lawyer that sets out your plea agreement.
>
> THE DEFENDANT: Oh, yeah.
>
> THE COURT: Have you gone over that in detail with Mr. Sindle?
>
> MR. SINDLE: Yes, Your Honor, we have been over that at least twice.
>
> THE COURT; All right. And do you feel that you understand this petition and the plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I'm going [to] go over the plea agreement paragraph by paragraph to make sure that I feel that you under stand it, okay.
>
> THE DEFENDANT: Uh-huh.

(3:04cr0104, Ex. 37, pp. 16-17) The court then covered the plea agreement in detail (3:04cr0104, Ex. 37, pp. 17-29), following which Touray again asserted that he understood (3:04cr0104, Ex. 37, p. 29). Based on the court's recollection of the plea hearing, and a review of the transcript of those proceedings, the court has no doubt that Touray understood that thirty years per count was the

9

maximum sentence he faced if he went to trial – not that he would receive a thirty-year sentence if he did.

Because defense counsel properly advised Touray that he was "facing a maximum of thirty years in prison" if he proceeded to trial, defense counsel's representation was not deficient. Accordingly, this claim is without merit.

## Claim 4

Touray asserts that defense counsel was ineffective because he did not explain the presentence investigation report (PSR) to him. (DE # 1, pp. 13-15) Instead, Touray alleges that defense counsel mailed a copy of the PSR to his wife "to explain to movant what was not understood by movant. Even though movant's wife is not an attorney . . . ." (DE # 1, p. 14)

The government argues, once again, that this claim is not consistent with Touray's testimony at the sentencing hearing. (DE # 12, p. 2) In his affidavit, defense counsel denies the allegation and also argues that the claim is inconsistent with Touray's own testimony at the sentencing hearing. (DE # 13, ¶ 3, p. 1)

The record does not support Touray's allegation as shown by the following colloquy that took place at the beginning of the sentencing hearing:

> THE COURT: . . . Mr. Touray, have you read the entire presentence investigation report?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You feel you understand it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you had enough time to discuss it with Mr Sindle?
>
> THE DEFENDANT: Yeah.

10

(DE # 38, p. 2) For reasons previously explained, *supra* at pp. 6-7, barring extraordinary circumstances, Touray is bound by his statements at the sentencing hearing. Moreover, Touray does not present any extraordinary circumstances. Therefore, he is bound by that prior testimony.

Because Touray testified that defense counsel had explained the PSR to him, and that he understood the PSR, Touray has failed to establish that defense counsel's representation was deficient. Accordingly, this claim is without merit.

## Claim 5

In his final claim, Touray alleges that defense counsel failed to file an appeal even though Touray asked him to. (DE # 1, pp. 15-17) Both the government and defense counsel, in his affidavit, contend that this claim has been addressed previously by the court. (DE # 12, p. 2; DE # 13, ¶ 3, p. 1)

On June 13, 2005, Touray mailed a letter to the district court alleging that defense counsel did not file an appeal on his behalf, even though Touray claims to have communicated his desire to pursue a direct appeal. (3:04cr0104, DE # 32) Alleging that defense counsel neither contacted him, nor filed an appeal on his behalf, Touray sought permission to file a delayed appeal. (3:04cr0104, DE # 32) In his response to the court's show cause order (3:04cr0104, DE # 34), defense counsel asserted that he had explained Touray's appellate rights to him, but denied that Touray had tried to contact him (3:04cr0104, DE # 35). On the strength of defense counsel's response and the court's memory of the proceedings,[4] the trial court determined that Touray "did not ever timely request his counsel to appeal his sentence." (3:04cr0104, DE # 36)

---

[4] At the sentencing hearing held January 3, 2005, defense counsel stated that Touray had been and was continuing to cooperate with the government in the hope of coming back to the court "if in fact that proves beneficial to the government." (3:04cr1004, DE # 38, p. 12) It certainly would have been inconsistent for the defendant, just a few days after being sentenced pursuant to a Rule 11(c)(1)(C) plea agreement and while continuing to cooperate with the government in the hope of having the government file a Rule 35 motion for reduction of sentence, to immediately appeal his sentence.

11

Touray has attached the following to his motion to withdraw his guilty plea in support of the instant claim that defense counsel provided deficient representation by not filing an appeal on his behalf: 1) a copy of a letter purportedly dated January 5, 2005 from Touray to defense counsel asking that defense counsel file an appeal and threatening him if he did not (DE # 25, Attach. ltr. dtd. Jan. 5, 2005); 2) a letter dated June 12, 2005 from Touray to the court in which Touray asserts that defense counsel did not file an appeal on his behalf although he was asked to do so (DE # 25, Attach. ltr. dtd. Jun. 12, 2005). There is nothing in either of the two letters that would cause the court to reverse its earlier determination on this issue, *i.e.*, that Touray failed to provide timely notice of his desire to appeal. (DE # 36)

Because Touray has failed to show that he timely instructed defense counsel to file an appeal on his behalf, and that defense counsel failed to do so, Touray has failed to establish that defense counsel's representation was deficient. Accordingly, this claim is without merit.

### B. Motion to Withdraw Plea of Guilty and Vacate Judgment of Conviction

In his motion to withdraw his guilty plea, and to vacate the judgment of conviction against him, Touray repeats the claims set forth in the original § 2255 motion and appears to add a new claim, *i.e.*, that he did not enter the plea agreement knowingly, voluntarily, or intelligently. (DE # 25, ¶¶ 15, 9-18)

The district court is guided, in determining whether to permit a movant to amend his § 2255 motion, by Rule 15 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242, ¶ 3; *Hodges v. Rose*, 572 F.2d 643, 649 *(6th Cir. 1978). Under Rule 15(a), Fed. R. Civ. P., "[a] party may amend [his] pleading once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend [his] pleading only by leave of court or by consent of the adverse party; and leave shall be freely given when justice so requires." Leave to amend should not be

denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 519 (6th Cir. 2001), *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 420 (*citing Thiokol Corp. v. Dept.of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993).

The government's response (DE # 12) to Touray's motion to vacate, set aside, or correct his sentence constituted a responsive pleading within the meaning of Rule 15(a). Therefore, before Touray may amend his § 2255 motion to add a new claim, he must obtain either the court's permission or the government's consent. Touray obtained neither. Nor may Touray claim that the court's Order granting him an extension of time to file a reply to the government's response constituted tacit permission to late-file a new claim. Touray requested an extension of time to file a "rebuttal" to the government's response, providing as the reason his lack of access to the prison law library due to renovations. (DE # 23) The court entered an Order granting Touray's request based on those grounds. There was nothing in Touray's motion for an extension of time, or in the court's Order granting his motion, from which it can be inferred that Touray sought to file a new claim and that the court agreed to give him additional time to do so. Touray has failed to comply with the requirements of Rule 15(a), Fed. R. Civ. P.

In addition to the foregoing, under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), federal prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the judgment became final by the conclusion of direct review . . . ." *See* 28 U.S.C. §§ 2255, para. 6 (1); 2244(d)(1)(A). Where a criminal defendant does not pursue a direct appeal, his conviction becomes final for AEDPA purposes ten days after judgment is entered against him. *See Sanchez-Castellano v. United*

*States*, 358 F.3d 424, 426 (6th Cir. 2004). Judgment entered against Touray on January 3, 2005. (3:04cr0104, DE # 27) Therefore, judgment became final for purposes of the AEDPA ten days later, on January 13, 2005.

Although it cannot be determined from the copy of the envelope in the record when Touray submitted his motion to the prison mail room to be mailed to the district court, even assuming that he mailed the document at issue the day that he signed it, *i.e.*, on February 21, 2006, Touray still filed his new claim more than one month beyond the AEDPA's one-year limitations period. Of course, the one-year limitations period expressed in § 2244(d)(1) does not operate as a jurisdictional bar to *habeas corpus* petitions and the period can be equitably tolled, <u>under exceptional circumstances</u>. *Dunlap v. United States*, 250 F.3d 1001, 1004, 1004 n. 1, 1005 (6th Cir. 2001). However, "[t]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)(citing *Dunlap*, 250 F.3d at 1001).

In *Dunlap*, the Sixth Circuit held that equitable tolling was applicable to *habeas corpus* petitions under the AEDPA. More particularly, the Sixth Circuit held that equitable tolling was appropriate only after the court has "properly considered and balanced the factors set out in *Andrews v. Orr* unless there is congressional authority to the contrary." *Dunlap,* 250 F.3d at 1009. The factors to be considered under *Andrews v. Orr* are: 1) lack of actual notice of filing requirement; 2) lack of constructive knowledge of filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008; *see Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). As to the fourth factor, "[a]lthough absence

14

of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine. . . ." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Finally, the Sixth Circuit has held that equitable tolling for *habeas corpus* petitions should be "applied sparingly." *Dunlap*, 250 F.3d at 1008.

Touray does not assert that he was unaware of the filing requirement. Moreover, it is clear from a plain reading of his original § 2255 motion that the elements that comprise this claim were known to Touray at the time he brought this action. Neither can Touray assert that he was diligent in preserving his rights. As already noted, the elements that comprise this claim were known to Touray seven months earlier, when he filed his original § 2255 motion. Furthermore, Touray waited more than two months to file his "rebuttal' to the government's response, the document in which he raised this apparent new claim.

Touray also cannot claim that, as a layman, he is unfamiliar with the law as to either the AEDPA's one year limitations period or that it falls to him to show that he is entitled to have the AEDPA's one-year limitations period tolled. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)(citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Neither can he claim that, because he has a poor command of the English language, he is entitled to special consideration on the issue of timeliness. The Sixth Circuit has held that a prisoner's inability to communicate in English also is not grounds for equitably tolling the AEDPA's one-year limitations period. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). It must be noted that Touray did not request or use the services of an interpreter in the criminal proceedings.

As shown above, Touray provides no argument regarding why the time frame for filing this new claim should be equitably tolled, nor can such an argument be liberally construed from the record before the court. The court concludes, therefore, that equitable tolling is not warranted.

15

Because this claim could not withstand a Rule 12(b)(6) motion to dismiss on grounds of timeliness, Touray's apparent effort to amend his § 2255 motion to add this new claim is futile. Therefore, to the extent that Touray's motion (DE # 25) is construed to include a request to amend his original § 2255 motion, such a request will be denied.

### III. CONCLUSION

For reasons explained herein, Touray is not entitled to relief under § 2255 on any of the grounds alleged. Accordingly, Touray's motion to vacate, set aside, or correct his sentence will be denied and this action dismissed. Because Touray is not entitled to relief under § 2255, his motion to stay the instant proceedings (DE # 26) will be denied as moot. An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge